UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MARTINEZ CASTRO,

                                        Petitioner,

v.

MARKWAYNE MULLIN;
et al.,

                                        Respondents.

Case No.:  26cv1672-LL-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Jose Luis Martinez Castro's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return. ECF No. 8. For the reasons set forth below, the Court **GRANTS** the Petition.

## I.      BACKGROUND

Petitioner is entered the United States without inspection in 2019 and has continuously resided in United states. Pet. at 2, 7. He is a resident of Tampa, Florida and a single father of an eight-year-old child. *Id*. at 7 On March 3, 2026, Petitioner was arrested by ICE in Indio, California and was transferred to the Imperial Regional Center. *Id*. at 2, 7. Petitioner alleges that the Imperial Immigration Court has denied Petitioner a bond

1

hearing, citing that it lacks jurisdiction under *Matter of Yajure Hurtado* and *Matter of Madonado Bautista v. Santacruz*. *Id*. at 7–8.

On March 17, 2026, Petitioner filed the instant Petition, alleging that his detention should be governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). *Id*. at 8–9. He seeks a writ of habeas corpus directing Respondents to, *inter alia*, release him from custody or alternatively, provide him with a bond hearing. *Id.* at 11.

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Petitioner contends that he is wrongfully detained under 8 U.S.C. § 1225(b)(2) in violation of the Fifth Amendment's Due Process Clause. Pet. 9–10.

In their two-page response, Respondents do not directly address Petitioner's claims, instead acknowledging Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because "Petitioner was present in the United States without being admitted or paroled." Ret. at 2.

The Court finds that Petitioner is wrongfully detained under 8 U.S.C. § 1225(b). As a noncitizen who, at the time of his detention, had been at liberty in the United States for almost seven years, Petitioner was and is subject to 8 U.S.C. § 1226(a), which states that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). By contrast, 8 U.S.C § 1225(b) applies to noncitizens arriving at the border or who very recently entered the

26cv1672-LL-DDL

United States. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain [noncitizens] seeking admission into the country under §§ 1225(b)(1) and (b)(2)," while § 1226(a) allows the government to "detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025) and finds the appropriate remedy is a bond hearing pursuant to 8 U.S.C. § 1226(a).

## IV.   CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1.   Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

2.   Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order. At any such hearing, Respondents **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

3.   The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  April 6, 2026

_____
Honorable Linda Lopez
United States District Judge